IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TERESA MILLER,**

    **Petitioner,**

**v.**                                   **CIVIL ACTION NO. 1:22CV15**
                                      **CRIMINAL ACTION NO. 1:19CR41**
                                        **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION AS PREMATURE
[1:19CR41, DKT. NO. 156; 1:22CV15, DKT. NO. 1]**

Pending is the pro se motion filed pursuant to 28 U.S.C. § 2255 by the petitioner, Teresa Miller ("Miller"), in which she seeks to vacate, set aside, or correct her sentence (1:19CR41, Dkt. No. 156; 1:22CV15, Dkt. No. 1). For the reasons that follow, the Court **DENIES** her motion as premature and **DISMISSES WITHOUT PREJUDICE** Civil Action Number 1:22CV15.

### I.    BACKGROUND

On July 9, 2019, a grand jury sitting in the Northern District of West Virginia indicted Miller for unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g) and 924(a)(2) (Dkt. No. 1).[1] Following a bench trial on October 26, 2020, the Court convicted Miller of this charge (Dkt. No. 86) and, on February 22,

---

[1] Unless otherwise noted, all docket numbers refer to Criminal Action No. 1:19CR41.

**MILLER V. UNITED STATES**                                    **1:22CV15/1:19CR41**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION AS PREMATURE [1:19CR41, DKT. NO. 156; 1:22CV15, DKT. NO. 1]**

2021, sentenced her to forty-one (41) months of imprisonment followed by one (1) year of supervised release (Dkt. No. 113).

After Miller's counsel filed a notice of appeal on March 1, 2021 (Dkt. No. 117), the Court of Appeals for the Fourth Circuit entered a briefing order and Miller raised the following issues for appellate review: (1) whether the Court erred in denying her motion to suppress; (2) whether the Court erred in denying her pro se motion to transfer the case; and (3) whether the Court imposed a reasonable sentence. Id. The Fourth Circuit has not yet rendered its decision on Miller's appeal.

Meanwhile, on February 28, 2022, Miller filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence in which she asserts the following grounds for relief: (1) it was error for the Court to deny her motion to transfer; (2) it was error for the Court not to suppress physical evidence resulting from Miller's arrest; (3) it was error for the law enforcement officers who effectuated Miller's arrest to turn off their body cameras; (4) it was error for the Court to impose an excessive sentence; and (5) her attorneys attempted to coerce her into entering a plea agreement (Dkt. Nos. 1, 6).

**MILLER V. UNITED STATES**                                **1:22CV15/1:19CR41**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION AS PREMATURE [1:19CR41, DKT. NO. 156; 1:22CV15, DKT. NO. 1]**

## II. DISCUSSION

28 U.S.C. § 2255(a) permits a federal prisoner who is in custody to assert the right to be released if (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). But absent extraordinary circumstances the Court should not consider a § 2255 motion while a direct appeal is pending. Timms v. Johns, 627 F.3d 525, 530 (4th Cir. 2010) (citing Bowen v. Johnston, 306 U.S. 19, 26-27 (1939).

Miller filed her § 2255 motion in this Court while her direct appeal is pending before the Fourth Circuit. Notably, she presents the same challenges to her conviction and sentence to both courts. Thus, Miller's § 2255 motion is premature and, because she has failed to present extraordinary circumstances compelling consideration of her motion during the pendency of her direct appeal, the Court declines to do so.

**MILLER V. UNITED STATES**                                      **1:22CV15/1:19CR41**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION AS PREMATURE [1:19CR41, DKT. NO. 156; 1:22CV15, DKT. NO. 1]**

### III. CONCLUSION

The Court therefore **DENIES** Miller's § 2255 motion as premature and **DISMISSES WITHOUT PREJUDICE** Civil Action Number 1:22CV15. Miller may refile her motion after her appellate proceedings have concluded. See United States v. Gardner, 132 Fed. Appx. 467, 468 (4th Cir. 2005) (stating that a petitioner does not need authorization to file a successive § 2255 motion when her first § 2255 motion is dismissed as premature due to a pending direct appeal).

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the United States; to transmit a copy of this order to Miller by certified mail, return receipt requested; to transmit a copy of this order to counsel of record by electronic means; and to strike Civil Action Number 1:22cv15 from the Court's active docket.

### IV. NO CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate,

**MILLER V. UNITED STATES**                                       1:22CV15/1:19CR41

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION AS PREMATURE**
**[1:19CR41, DKT. NO. 156; 1:22CV15, DKT. NO. 1]**

"the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Miller has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Miller has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

Dated:     March 28, 2022

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE

5