```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**TERESA MILLER,**

    **Petitioner,**

**v.**                                      **CIVIL ACTION NO. 1:22CV15**
                                              **CRIMINAL ACTION NO. 1:19CR41**
                                                **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER DENYING
SECOND AND THIRD MOTIONS FOR RECONSIDERATION
[1:19CR41, DKT. NOS. 170, 171; 1:22CV15, DKT. NOS. 15, 17]**

On February 28, 2022, the petitioner, Teresa Miller ("Miller"), filed a motion pursuant to 28 U.S.C. § 2255 in which she sought to vacate, set aside, or correct her sentence (1:19CR41, Dkt. No. 156).[1] But because Miller's § 2255 motion presented the same challenges to her conviction and sentence as her direct appeal, pending before the Court of Appeals for the Fourth Circuit, the Court previously concluded that Miller's § 2255 motion had been filed prematurely (Dkt. No. 164). It also concluded that Miller had not presented any extraordinary circumstances compelling consideration of her motion during the pendency of her direct appeal. Id. Thus, the Court denied her § 2255 motion and dismissed without prejudice Civil Action Number 1:22CV15. Id.

---

[1] Unless otherwise noted, all docket references relate to 1:19CR41.

**MILLER V. USA**                                                                         **1:22CV15/1:19CR41**

**MEMORANDUM OPINION AND ORDER DENYING**
**SECOND AND THIRD MOTIONS FOR RECONSIDERATION**
**[1:19CR41, DKT. NOS. 170, 171; 1:22CV15, DKT. NOS. 15, 17]**

On April 4, 2022, Miller filed a motion for reconsideration contending that, contrary to the Court's prior ruling, the grounds raised in her § 2255 motion[2] constituted an extraordinary circumstance compelling consideration of her motion during the pendency of her direct appeal (Dkt. No. 168). The Court disagreed and denied Miller's motion for reconsideration on April 5, 2022 (Dkt. No. 169). Thereafter, Miller filed two additional and substantially similar motions for reconsideration on April 11, 2022, and April 14, 2022, respectively (Dkt. Nos. 170, 171). For the reasons previously articulated and for the reasons that follow, the Court **DENIES** Miller's second and third motions for reconsideration.

Absent extraordinary circumstances the Court should not consider a § 2255 motion while a direct appeal is pending. Timms v. Johns, 627 F.3d 525, 530 (4th Cir. 2010) (citing Bowen v. Johnston, 306 U.S. 19, 26-27 (1939). Federal Rule of Civil

---

[2] In her § 2255 motion, Miller raised the following grounds for relief: (1) it was error for the Court to deny her motion to transfer; (2) it was error for the Court not to suppress physical evidence resulting from her arrest; (3) it was error for the law enforcement officers who effectuated her arrest to turn off their body cameras; (4) it was error for the Court to impose an excessive sentence; and (5) her attorneys attempted to coerce her into entering a plea agreement (Dkt. Nos. 1, 6).

2

**MILLER V. USA**                                                    **1:22CV15/1:19CR41**

**MEMORANDUM OPINION AND ORDER DENYING**
**SECOND AND THIRD MOTIONS FOR RECONSIDERATION**
**[1:19CR41, DKT. NOS. 170, 171; 1:22CV15, DKT. NOS. 15, 17]**

Procedure 59(e) permits a party to file a motion to alter or amend a judgment within twenty-eight (28) days of its entry. The Fourth Circuit recognizes three grounds for Rule 59(e) relief: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

In her second and third motions for reconsideration, Miller again contends that, contrary to the Court's prior ruling, the grounds raised in her § 2255 motion constitute an extraordinary circumstance compelling consideration of her motion during the pendency of her direct appeal (Dkt. Nos. 170, 171). In the most emphatic of terms, Miller is not eligible for Rule 59(e) relief. Again, she has cited no intervening change in the law and no new evidence, merely reiterating her belief that her conviction and sentence violate the Constitution and laws of the United States of America. Despite her insistence, there is no clear error of law or manifest injustice in requiring Miller to resolve her direct appeal before raisings the same issues before this Court on collateral review. And, as previously explained, Miller's asserted grounds

**MILLER V. USA** 1:22CV15/1:19CR41

**MEMORANDUM OPINION AND ORDER DENYING**
**SECOND AND THIRD MOTIONS FOR RECONSIDERATION**
**[1:19CR41, DKT. NOS. 170, 171; 1:22CV15, DKT. NOS. 15, 17]**

for relief do not demonstrate extraordinary circumstances warranting excusal of exhaustion.

The Court therefore **DENIES** Miller's second and third motions for reconsideration (1:19CR41, Dkt. Nos. 170, 171; 1:22CV15, Dkt. Nos. 15, 17).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit a copy of this order to Miller by certified mail, return receipt requested, and to counsel of record by electronic means.

Dated: April 19, 2022

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE